## PRYOR v. WARE CONST. CO.

(Circuit Court of Appeals, Eighth Circuit. December 13, 1921. Rehearing Denied February 14, 1922.)

### No. 5565.

**Master and servant ⊂⊃301(1)—Railroad construction contractor held not liable for damages to railroad's property by negligence of work train employee under railroad's control.**

Under a contract with a receiver for a railroad company for the doing of construction work on the line, which provided that the contractor should pay all damages to the receiver's property and gave the receiver control over the method of using the main line in doing the work, where he required that no work train should go on the main line unless in charge of a pilot and such pilot was employed, paid, and controlled by him, though the contractor was charged with the expense, the con-

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tractor *held* not liable to the receiver for damage to a freight train in a collision caused by the negligence of the pilot.

Appeal from the District Court of the United States for the Eastern District of Missouri; Walter H. Sanborn, Judge.

On intervention by the Ware Construction Company in receivership proceedings against the Wabash Railroad Company. From a decree in favor of intervener, Edward B. Pryor, receiver, appeals. Affirmed.

Homer Hall, of St. Louis, Mo. (N. S. Brown and Hall & Minnis, all of St. Louis, Mo., on the brief), for appellant.

Robert E. Collins, of St. Louis, Mo., for appellee.

Before STONE, Circuit Judge, and TRIEBER, District Judge.

STONE, Circuit Judge. While the Wabash Railroad Company was in the control of Edward B. Pryor, as receiver, a contract was made with the Ware Construction Company for certain construction work along the tracks and right of way. This action is an intervention filed in the receivership proceedings by the contractor for a balance due under the contract. It is admitted that the balance of $1,631.97 claimed is due, but payment is resisted on the basis of a counterclaim for the same amount alleged to be due under the contract. Both the master and the trial court denied the counterclaim, and a decree resulted in favor of the contractor for the above amount, with interest. The receiver brings this appeal from that decree.

The allegations upon which the counterclaim is based are that the contract provided that the contractor should pay all damage to the property of the receiver arising from doing the work thereunder, whether caused by it or not; that because of the negligence of employees of the contractor certain property of the receiver was damaged, to the amount here involved, in a collision between a freight train belonging to the receiver and a work train belonging to the contractor. The defense to this counterclaim was that the contract did not cover damage of this character or damage resulting from the fault or negligence of the receiver, and that this was caused by the negligence of employees of the receiver.

The master found that the contract did not cover losses from negligence of the receiver, and that this loss was caused by the negligence of the engineer operating the freight train of the receiver. The court did not discuss the contract. It approved the finding as to the negligence of the engineer, on the theory that the evidence thereof was conflicting and uncertain, and should be governed by the legal presumption of correctness, being the finding of a master. It further found that the "primary cause" of the collision was the negligence of the pilot of the work train, and that he was the employee of the receiver.

Appellant here contends that the contract provides payment to appellant of "all" damage to his property, even though caused by the negligence of appellant's employee; that this court is not bound by the findings of the master, nor of the trial court, but itself should examine the evidence; that certain evidence bearing on the negligence

of the freight engineer was erroneously admitted; that there was no evidence justifying a finding that such engineer was negligent; that the evidence is conclusive that the pilot was the employee of appellee; that the evidence establishes the negligence of the engineer of the work train. The portions of the contract having any bearing upon the matter now before the court are as follows:

"The contractor shall and will provide all tools, appliances, etc., and perform all labor for the completion of embankment for new main and side tracks in the manner covered by the specifications attached and made a part hereof."

"The contractor assumes all responsibility for any loss or damage that may happen to said work or to the materials therefor, or for any injury to his workmen or to the public or to any individual, or for any damage to the receivers' or other parties' adjoining property."

"The contractor must arrange his work so that there will be no interference or delay in any manner with the train service of the company, and he will be responsible for any damage to the company's property caused by his acts or those of his employees. The contractor may use the main line for making the new embankment, except, of course, through that portion where the change of line is made. Whenever the work is liable to affect the movement or safety of trains, the method of doing such work must first be submitted for approval, without which it shall not be commenced or prosecuted. If such detention or interference to train service as the chief engineer shall consider unnecessary or unreasonable shall occur, the company reserves the right to complete the work at the expense of the contractor, after giving him written notice."

We find no obligation therein upon appellee to pay any damages caused by the negligence of the receiver. Appellee is required to pay all damages occasioned by its own employees. The further inquiry is therefore as to which employees caused the collision and the resulting damage. The collision occurred on the main line, between a work train of appellee and a freight train of appellant. Without determining how far we should be bound by the findings of the master and of the trial court upon these matters of fact, we have examined the evidence in detail and base our conclusions thereon. Under the contract provision giving the receiver control over the method of using the main line in the prosecution of the construction work, the receiver required that no work train should go upon the main line unless in control of a pilot. This pilot was a conductor in the employ of the receiver. He was designated, paid, and subject to control and discharge by the receiver, and not by the contractor. The amount paid him, while in this service, was charged against the contractor by the receiver. He operated under train orders issued by the receiver, in so far as the periods he could occupy the main line with the work trains. The work trains, while on the main line, were under his control and direction. He was assisted by one or two brakemen, who were employees and under the control of the receiver, and assigned by him to this work. The pilot and these brakemen had keys to the switches connecting the main line with the side or spur tracks of the contractor. No one connected with the contractor had keys to these switches. The above outlined facts are clearly established. They, in turn, establish, with equal clarity, the legal proposition that the pilot, while operating the work trains

on the main line, was the employee of the receiver, and in no sense the employee of the contractor. The fact that the contractor reimbursed the receiver for the wages of the pilot in no way disturbs the legal relation which arises from the facts of the rights to employ, discharge, and control the pilot.

While there is some evidence that the engineer of the freight train may have been negligent, we need not determine that matter, nor the admissibility of evidence as to such negligence. The evidence sufficiently establishes the negligence of the pilot. Nor is this conclusion affected by the claim that the engineer of the work train was negligent. He was acting under the control of the pilot in being where he was on the main line when the collision occurred.

The decree below was fully sustained by the law and the evidence, and it must be and is affirmed.